Christian J.
delivered the opinion of the court.
This is a writ of error to a judgment of the Circuit court of Lynchburg.
*146 The suit was an action of debt brought by John Kirkpatrick, the defendant in error, against John M. Booker and E. S. Halsey, partners under the style of Booker & Halsey, to recover the balance due on three notes executed by the latter and payable to the former, in the aggregate amounting to the sum of $1310, given for the hires of certain slaves for the period between 15th March 1861, and 31st December 1861.
.At the June term 1869 both the defendants appeared and pleaded nil debit; and the case was continued from time to time, until the June term 1871, when the defendant John M. Booker tendered a special plea, in the following words: “And the said defendant J. M. Booker, for further and other plea in this behalf, says, that at the time of the making of the several promissory notes in the declaration mentioned, the said defendant and his co-defendant E. S. Halsey, were co-partners under the style of Booker & Halsey, engaged in the manufacture of tobacco at or near Brunswick, in the state of Missouri; which business was conducted exclusively in the state of Missouri, and by the said E. S. Halsey, who was at that time, and. long afterwards, to wit: for two years, a resident of the state of Missouri : that this defendant was at the time of making said notes, and ever since has been, and still is, a resident of the city of Lynchburg, in the state of Virginia, and remained there continually from the date of the'making said notes, till and after 1st day of January 1862 : that the said notes in the said declaration mentioned were given by said Halsey in the name of said firm, for the following consideration and none other, to wit: the said note for $145, was given for the hire of a negro slave (naming him), and the said note for $730, was given for the hire of six negro slaves {naming them), and the said note of $435, was given *147 for the hire of three negro slaves (naming them), which said slaves were the property of the plaintiff; and that the said hiring was from the 15th day of March 1861 (the date of said notes) for the balance of the year 1861; and that the said slaves were so hired to be employed in the said business of manufacturing tobacco at or near Brunswick, in the state of Missouri, and were there so employed for the balance of the year 1861. And the said defendant further says, that after the making of the said contract of hiring, and the making of the said notes in the declaration mentioned, to wit: on the 17th April 1861 a state of war arose, and was continued and prosecuted during all the rest of the year 1861, and thereafter between the government of the United States of America to which the state of Missouri adhered and belonged, and the government of the Confederate States of America, to which the state of Virginia adhered and belonged, and during the portion of the year 1861, from the 17th April 1861 to the 1st day of January 1862, the city of Lynchburg, and- the residence of this defendant and this defendant himself, were continuously within the limits and jurisdiction of the said Confederate States; and the town of Brunswick, and the residence and persons of the said Halsey, and of the said plaintiff and of the said slaves, and the business aforesaid, were continuously within the limits and actual jurisdiction of the said United States; whereby the said copartnership between the defendant and said Halsey was dissolved, as of the 17th April 1861, and the capacity and right of this defendant to use and enjoy the services of said slaves were wholly lost to this defendant for the said period, to wit: from the said 17th day of April 1861 to the end of that year. And so the said defendant says that as to him the consideration of *148 said notes to the extent aforesaid has wholly failed; whereby he has suffered great damage, to wit: $1085, as of 25th March 1861. And this he is ready to verify. Wherefore the said defendant prays that the said damages be allowed him and set-off against the said claim of the said plaintiff’ in his said declaration mentioned.”
This plea was rejected by the Circuit court, and a judgment entered against the defendant for the amount due upon the notes as claimed in the declaration.
The court is of opinion that there was no error in the judgment of the said Circuit court, rejecting said plea, and entering the judgment as aforesaid.
The plea tendered, stripped of its verbiage, was in substance, that during the period of the contract of hire, from 17th April 1861 to the 25th December 1861, war was flagrant between the United States, of which the state of Missouri was a part, and the Confederate States, of which Virginia was a part; that Kirkpatrick the plaintiff and Halsey one of the defendants and one of the partners, and the slaves hired by them, were in the state of Missouri and remained there; that Booker was in Virginia and did not change his residence; that the breaking out of the war dissolved the partnership between Booker and Halsey; and that therefore as to Booker the consideration of the notes for the hires of these slaves from 17th April 1861 to the end of the hiring, 25th December 1861, had failed.
How this conclusion, of a failure of consideration, from the facts admitted in the plea, is as complete a non sequitur as can well he conceived.
It is admitted in the plea, that the slaves were delivered to Booker & Halsey at the contract price, that they were employed by the firm in the manufacture of tobacco at Brunswick in the state of Missouri for the *149 whole period for which they were hired, and that the services of these slaves, (the property of Kirkpatrick), which constituted the consideration of the notes sued upon, were duly performed. But Booker, one of the partners, seeks, by this plea, to relieve himself (not his partner) from responsibility, for a just partnership debt, upon the ground that the war dissolved the partnership between him and his co-defendant, and that he could not avail himself of the services of these slaves because he was separated from them and his partner on different sides of belligerent lines.
Now conceding that the partnership between Booker and Halsey was dissolved, as it undoubtedly was (according to the principles settled by this court in Taylor v. Hutchinson, 25 Gratt. 586), by the breaking out of the war and the residence of the partners within different belligerent territorial limits and jurisdictions; yet such dissolution, plainly, did not absolve them or either of them from any obligation to pay the partnership debts.
Halsey who conducted the business in Missouri was bound to account to Booker for the partnership effects in his hands at the breaking out of the war and for any profits he made out of the partnership assets. Both partners were severally and jointly bound for all antecedent engagements. The dissolution of the partnership by public war no more extinguished the liability of the partners, than a dissolution by death of ■one of the partners.
In the leading case of Griswold v. Waddington, 16 Johns. R. 438, a case much relied on by the learned counsel for the plaintiff in error, Chancellor Kent says (p. 493): “The parties were still partners as to those goods which had actually been purchased by them before the war, and the parties as partners were *150 bound to account to each other for the proceeds of those goods, and equally bound as partners to pay for them if not already paid for. A dissolution of a partn6rship pas only respect to the future. The parties remain bound for all antecedent engagements. The partnership may be said to continue as to everything that is past and until all pre-existing matters are wound up and settled.” See also Taylor v. Hutchinson, where the same subject is discussed and the same principles affirmed by this court.
It is therefore manifest that the dissolution of this-partnership between Halsey and Booker did not relieve either of the partners from their antecedent obligations, and that they are both jointly and severally bound upon the notes executed by them to the plaintiff on the 25th March 1861.
It may be proper to notice another point urged with much earnestness by the learned counsel for the plaintiff in error, though not strictly arising under the plea tendered by the defendant Booker; and that is, that' these slaves whose services were the consideration of the notes sued upon, were persons whose allegiance, upon the breaking out of the war, was due to the United States government, and that the government had the right to demand their services; and therefore these services could not be controlled by the owner or the parties hiring them; and for that reason, they could not be regarded as property, the subject of hire; and hence there was a failure of consideration.
It is sufficient to remark, that during the period for which these slaves were hired, the institution of slavery was recognized both by the constitution of the United States and by the laws and constitution of the state of Missouri.
These persons, who by the federal and state laws. *151 were slaves, had none of the rights, and none of the obligations of citizens, and owed no allegiance to the government either of the United States or the state of Missouri. If allegiance could be predicated of persons who by federal and state law were slaves, that aliegiance was due to their masters, and not to any government, state or federal. These slaves were the property of the plaintiff, of which it is admitted in the plea, the defendants had the exclusive use during the period of the contract of hire, and for which both of the partners are jointly and severally bound according to the terms of their contract with the plaintiff. •
The court is therefore of opinion that there is no error in the judgment of the Circuit court of Lynch-burg, and that the same be affirmed.
Judgment appirmed.